IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


```
------------------------------------------------   :
WILLIAM COOK                                       :  CASE NO. 1:98 CV 0351
                                                   :
                              Plaintiff   :
                                                   :
              -vs-                        :  MEMORANDUM OF OPINION AND
                                          :  ORDER DENYING PLAINTIFF'S
CLEVELAND STATE UNIVERSITY                :  "MOTION FOR A NEW TRIAL OR
                                          :  JUDGMENT CHANGED AND
                              Defendant   :  ENTERED FOR THE PLAINTIFF."
------------------------------------------------   :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS


Before the Court is *pro se* plaintiff William Cook's ("Cook") 23 June 2005, "Motion

for a New Trial or Judgment Changed and Entered for the Plaintiff."  (Docket No. 145).

Defendant Cleveland State University ("CSU") filed a response in opposition on 12 July

2005.  (Docket No. 146).  On 27 July 2005, Mr. Cook filed a reply.  (Docket No. 147).

The Court also has before it two post-reply submissions from Mr. Cook which it will

regard as supplemental filings to Mr. Cook's 27 July 2005 reply.  (Docket Nos. 148,

149).  For the reasons set forth below, the Court denies Mr. Cook's motion, whether

construed as a motion for a new trial pursuant to Fed. R. Civ. P. 59(b), or as a motion

for relief from judgment under Fed. R. Civ. P. 60(b).


**I. BACKGROUND**

This matter stems from Mr. Cook's 11 February 1998 complaint against CSU in

this Court, alleging the University of having constructively taken his parcel of property,

located at 2210 Payne Avenue in Cleveland, Ohio, without proper compensation in

violation of Art. I, § 9 of the Ohio Constitution, the 5th and 14th Amendments to the

United States Constitution, and 42 U.S.C. § 1983.  (Docket No. 1).  In that complaint Mr.

Cook further alleged CSU violated his rights to both substantive and procedural due

process and the equal protection clause.  Id.  Subsequent to a seven-day bench trial, in

which Mr. Cook proceeded *pro se*, this Court issued findings of fact and conclusions of

law pursuant to Fed. R. Civ. P. 52(a).  Cook v. Cleveland State University, 104

F.Supp.2d 752, 753  (N. D. Ohio 2000).  The Court rendered a determination for

defendant CSU, finding Mr. Cook had failed to establish any of the claims raised in his

amended complaint.  Id. at 757.  Mr. Cook subsequently issued a timely appeal of the

Court's decision to a panel of the Sixth Circuit, which affirmed this Court's determination

in Cook v. Cleveland State University, 13 Fed. Appx. 320 (6th Cir. 15 June 2001).  Mr.

Cook brought this matter before the United States Supreme Court through a *writ of

certiorari*, which the Supreme Court denied in Cook v. Cleveland State University, 535

U.S. 1034, 122 S.Ct. 1790 (Mem) (20 April 2002).  The U.S. Supreme Court also denied

Mr. Cook's petition for a rehearing of the matter in Cook v. Cleveland State University,

536 U.S. 951, 122 S.Ct. 2648 (Mem) (24 June 2002).

## II. LAW AND ARGUMENT

Nearly five years after this Court's initial disposition of the matter, Mr. Cook now

seeks a new trial or asks the Court to vacate its original, 10 July 2000, judgment.

As an initial matter, construed as a Fed. R. Civ. P. 59(b) motion for new trial, Mr.

Cook's petition is untimely even under the liberal construction usually afforded

proceedings involving *pro se* plaintiffs.  Pursuant to Rule 59(b), Mr. Cook had 10 days

after the entry of this Court's judgment to file his motion for a new trial.  The Court must construe, as untimely, Mr. Cook's request for a new trial more than five years after this Court's initial disposition of the matter.  Accordingly, Mr. Cook's motion for a new trial is denied.

In his reply to CSU's response in opposition, (Docket No. 147), Mr. Cook requests the Court to, instead, consider his motion as one for relief from judgment under Fed. R. Civ. P. 60(b).  Mr. Cook raises claims of fraud, conspiracy, misrepresentation and mistake, as well as a claim of fraud on the court.

Recognizing the interests of justice sometimes demand a judgment not be enforced against a particular party, Rule 60(b) of the Federal Rules of Civil Procedure provides for such relief for certain reasons.  Specifically, a party may be relieved of a judgment entered against it on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Any motion seeking relief upon grounds (1), (2), or (3) must be filed with the district court "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.  Motions pursuant to grounds (4), (5), or (6) "shall be made within a reasonable time."  Id.

To the extent Mr. Cook was the victim of any personal fraud, as he alleges in his reply brief (Docket No. 147 at 1), the plaintiff's ground for relief emerges from and is

3

enumerated in subsection (3) of Rule 60(b).  As such, the plaintiff's motion was filed

long after the expiration of the one-year deadline envisioned by the drafters of the rule.

Accordingly, the Court will deny, as untimely, Mr. Cook's motion for relief from judgment

by reason of fraud upon the plaintiff.[1]

Because Rule 60(b) explicitly states that the "rule does not limit the power of a

court ... to set aside a judgment for fraud upon the court," the one-year restriction on

alleging grounds for relief from judgment does not apply to the extent that Mr. Cook can

establish such "fraud upon the court."  In Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th

Cir.1993), the Sixth Circuit noted that "fraud upon the court," unlike other fraud, consists

of conduct:

> 1. On the part of an officer of the court;
> 2. That is directed to the "judicial machinery" itself;
> 3. That is intentionally false, wilfully blind to the truth, or is in reckless
>     disregard for the truth;
> 4. That is a positive averment or is concealment when one is under a duty
>     to disclose;
> 5. That deceives the court.

See also, Ohio Casualty Ins. Co. v. Pulliam, Slip Copy, 2005 WL 3528926 (6th Cir.

22 December 2005).  In order to safeguard the judicial process from prejudicial

deception, Rule 60(b) suspends consideration of limitations upon an allegation of fraud

upon the court.

---

[1]The additional allegations of conspiracy and misrepresentation, contained in Mr. Cook's brief and supplemental filings, also fall within the ambit of subsection (3) of Rule 60(b), and are time-barred as a result.  Included in this designation is Mr. Cook's unsubstantiated allegations that CSU Board Member Monte Ahuja instructed Mr. Criminger and Ms. Jackson to misrepresent the role of CSU in the plaintiff's appropriations case before this Court.  (Docket No. 148).

In his effort to substantiate his allegations of fraud on the court, Mr. Cook asserts that Robert Criminger and Christine Jackson, CSU Executive Director of Facilities Management and CSU Vice President of Finance Administration, respectively, perjured themselves in their testimony before this Court in the July 2000 bench trial.[2] Specifically, Mr. Cook points to Mr. Criminger's trial statements to the effect that CSU was procedurally barred from purchasing property for more than "ten-percent of the average of two MAI-certified appraisals" for any given parcel. (Exhibit D).[3]  The plaintiff then places before the Court an 18 July 2001 letter and memorialized assessment from Mr. Criminger (Docket No. 145, Exh. B), and an 18 July 2001 letter from Real Estate Supervisor Marc Half, (Docket No. 147, Exh. A) in which they discuss the University's

---

[2]The Court construes Mr. Cook's allegation of fraud on the court to comprise the enumerated allegations in his initial brief for relief, numbers (1) through (6), (8), (9) and (13).  (Docket No. 45).  Each of those allegations touch on the same single representation by Mr. Cook, that CSU employees Criminger and Jackson misled the Court during trial, as indicated by the subsequent purchase by CSU of a parcel of property at 1825 East 18th Street from OSF Properties, Inc. for, allegedly, more than the appraised value.  (Docket No. 145 at 1-2).  The remainder of Mr. Cook's allegations, numbers (7), (8) and (10) through (12), have been previously litigated by Mr. Cook either at his bench trial before this Court or through the course of his appeal process.  These latter allegations do not implicate "fraud on the court," but fall within the ambit of subsection (1) or (3) of Rule 60(b), as allegations of mistake or fraud, and are consequently time-barred.

[3]The documents Mr. Cook presents to the Court are, presumably, exhibits provided by the plaintiff in his claims against Mr. Criminger and Ms. Jackson filed on 12 March 2004, in the Summit County, Ohio, Court of Common Pleas, accusing the defendants of perjury, conspiracy to obstruct justice, theft, and violation of equal protection.  The trial court granted defendants' motion for summary judgment, partially on grounds of *res judicata*.  On 27 April 2005, the Ninth Judicial District Court of Appeals in Summit County, Ohio affirmed summary dismissal of the matter. Cook v. Criminger, Slip Copy, 2005 WL 957023 (Ohio App. 9 Dist., 27 April 2005).  Mr. Cook filed a notice of appeal with the Supreme Court of Ohio.  However, his appeal was not accepted for review by the Ohio Supreme Court. Cook v. Criminger,106 Ohio St.3d 1534, 835 N.E.2d 383 (Table) (Ohio 5 October 2005).

purchase of a parcel of property at 1825 East 18th Street from OSF Properties, Inc. for, allegedly, more than the ten-percent limit on appraised value (hereafter referred to as the "OSF property").  (Docket No. 145 at 1; Docket No. 147 at 2).[4]

Even if this evidence had any bearing on Mr. Cook's initial claim of a constructive taking,[5] the plaintiff offers no evidence to suggest that the purchase price submitted by CSU for the OSF property was beyond the bounds of the submitted appraisals.  In short, Mr. Cook's assertions bear no witness to fraud, let alone fraud on the court. Indeed, the accounting made by Mr. Criminger to the CSU Board (Exh. B), in the documents here provided by Mr. Cook, indicates a purchase price of less than ten-percent above the average of the two appraisals, thus comporting with his trial testimony.  (Docket No. 145, Exh. D).  In his brief in support of his motion for relief from judgment, Mr. Cook , in discussing the OSF property sale, erroneously combines other costs associated with closing on the property, which did not involve the value of the

---

[4]Mr. Cook alleges that despite receiving two MAI-certified appraisals for the property of $730,000.00 and $832,000.00, CSU nevertheless paid OSF Properties, Inc. $1,200,000.00 at closing.  There is no evidence of fraud on the court in this transaction which netted OSF Properties a purchase price of $852,734.00 with the remaining expenditures made by CSU at closing providing for the cost of the Sheriff's sale, insurance, interest, legal costs, and environmental review.  (Exhibit B).

[5]Importantly, while Mr. Cook's present assertion involves CSU's purchase of the OSF Properties and the amount the University paid for its purchase, that has no bearing on Mr. Cook's initial claim before this Court.  Mr. Cook's original claim before this Court alleged only that CSU interfered with his property in more than a minimal way and deprived him of all, or a substantial portion, of the economically viable usages of his land.  None of Mr. Cook's allegations encompassed CSU's purchase of his property as a physical taking without just compensation.  Indeed, the Court pointedly observed that while the bench trial was in progress, First Merit Bank had foreclosed on Mr. Cook's property and had attempted to sell it through a sheriff's sale to satisfy the plaintiff's loan obligation to the bank.  Cook, 104 F.Supp. 2d at 753, fn. 1.

6

purchase price but, rather, encompassed the costs associated with the sheriff's sale, insurance, environmental review and legal costs. (See footnote 4, herein).

Mr. Cook also brought these allegations of fraud on the court in his state court claims against Mr. Criminger and Ms. Jackson. In his efforts to avoid the application of the doctrine of *res judicata* to his 12 March 2004 state court proceedings against Mr. Criminger and Ms. Jackson, Mr. Cook presented the evidence involving OFS Properties Inc. to the Summit County Court of Common Pleas. In affirming the trial court's summary dismissal of Mr. Cook's claims, the state appellate court found no material evidence of fraud on this Court, noting:

> [Appellant next argues] that fraudulent or deceitful testimony by appellees tainted the proceedings in the federal case, thereby negating the applicability of the doctrine of res judicata in the instant matter. There is no evidence of the kind required by Civ. R. 56(C) before this Court to establish that appellees lied during their testimony before Judge Wells in the federal case. This Court is limited to considering the record on appeal as delineated in App. R. 9(A). App. R. 12(A)(1)(b). Without any evidence as required by Civ. R. 56(C) establishing that there was there was [sic] any irregularity in the prior federal case which invalidated that judgment, neither the trial court nor this Court may consider appellant's unsubstantiated allegations that lies and fraud in the federal case preclude the application of the doctrine of res judicata in this case.

Cook v. Criminger, Slip Copy, 2005 WL 957023 (Ohio App. 9 Dist., 27 April 2005).

Finally, nothing in Mr. Cook's brief establishes a connection with the necessary legal standard for fraud on the court as enunciated in Demjanjuk. Mr. Cook does not discuss, let alone apply, any of the five elements required by the Sixth Circuit for a finding of fraud on the court. Even if Mr. Cook had applied the standard promulgated in Demjanjuk, the evidence is inapplicable on its face, as any fraud allegedly carried out by Mr. Criminger on 11 July 2001, in CSU's purchase of OSF Properties' parcel could not

7

have actually deceived this Court in its 10 July 2000 determination of Mr. Cook's claims.

Further, even if Mr. Criminger had committed perjury, and there is no evidence before

the Court that he did, courts have long recognized that perjured testimony alone does

not constitute a fraud upon the court.  See Hazel-Atlas Glass Co. v. Hartford-Empire

Co., 322 U.S. 238, 245, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); accord, Oliver v.

Hydro-Vac Services, Inc., 165 F.3d 28 (Table) (6th Cir. 23 March 1998).


### III. CONCLUSION

For the reasons set forth above, Mr. Cook's motion for a new trial pursuant to

Rule 59(b) is denied.  Concurrently, and for the reasons set forth above, the plaintiff's

motion for relief from judgment under Rule 60(b) is also denied.

IT IS SO ORDERED.


/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 28 March 2006