IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------ : | |
| WILLIAM COOK | : CASE NO. 1:98 CV 0351 |
| | : |
| Plaintiff | : |
| | : |
| -vs- | : <u>MEMORANDUM OF OPINION AND</u> |
| | : <u>ORDER DENYING PLAINTIFF'S</u> |
| | : <u>REQUEST TO RECUSE AND</u> |
| CLEVELAND STATE UNIVERSITY | : <u>PERMANENTLY ENJOINING THE</u> |
| | : <u>PLAINTIFF FROM FILING ANY</u> |
| Defendant | : <u>ADDITIONAL DOCUMENTS IN THIS</u> |
| ------------------------------------------------------ | : <u>CASE.</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS


Before the Court is *pro se* plaintiff William Cook's ("Cook") 30 March 2006,

"Request for Recusal of Judge Wells due to conflict of Interest." (Docket No. 151).

Defendant Cleveland State University has not responded to the plaintiff's request.  For

the reasons set forth below, the Court denies Mr. Cook's request and hereby enjoins the

plaintiff from filing any further post-judgment motions in this case.

Mr. Cook's recusal request follows on the heels of the Court's 28 March 2006

order denying his 23 June 2005 petition for a new trial or relief from judgment.  (Docket

Nos. 145, 150).  Mr. Cook's petition for a new trial on the basis of fraud on the court was

meritless and untimely, offering mere assertions and legal posturing.  That petition

pertained to the Court's 10 July 2000 judgment, following a lengthy bench trial, in favor

of defendant Cleveland State University and against Mr. Cook.  Cook v. Cleveland State

University, 104 F.Supp.2d 752, 753  (N. D. Ohio 2000).  Subsequently, Mr. Cook

exhausted his appeals when the United States Supreme Court denied his petition for a rehearing of its initial refusal to grant the plaintiff a writ of certiorari in Cook v. Cleveland State University, 536 U.S. 951, 122 S.Ct. 2648 (Mem) (24 June 2002).

Accordingly, the seed of Mr. Cook's present recusal request falls upon barren ground.  The litigation initiated by Mr. Cook on 11 February 1998 has long since run its course and there is simply no pending matter from which the Court may even consider recusing itself.

Moreover, Mr. Cook's present recusal request is merely the latest in an enduring string of efforts to resuscitate his case.  Previously, Mr. Cook sought the Court's recusal by petitioning the Chief Judge of the Sixth Circuit.  (Case No. 04-6-351-56).  In that petition, Mr. Cook marshaled precisely the same material and assertions now before the Court in his current recusal request.  On 27 January 2005, this Circuit's Chief Judge dismissed the plaintiff's recusal petition and  Mr. Cook appealed that determination to the Judicial Council of the Sixth Circuit Governing Complaints of Judicial Misconduct or Disability.  The Council unanimously affirmed the Chief Judge's dismissal on 21 July 2005, pursuant to 28 U.S.C. § 357 and Rule 8 of the Rules Governing Complaints of Judicial Misconduct or Disability.  On 14 July 2005, Mr. Cook sent precisely the same material, with a cover letter calling for the Court's recusal, to James Carr, Chief Judge of the United States District Court for the Northern District of Ohio.  Contemporaneous with those efforts, Mr. Cook sought recusal of the Court through the filing of a grievance with the Cleveland Bar Association ("CBA").  (File No. A4-2561).  After the CBA dismissed his grievance, Mr. Cook appealed the matter to the Disciplinary Counsel of the Supreme Court of Ohio.  On 30 August 2005, the Disciplinary Counsel dismissed the plaintiff's

complaint and closed the file, pursuant to Gov. Bar R. V 4(I)(5), which provides that

"[n]o further review or appeal by a grievant shall be authorized."  Commensurately, it is

time to enjoin any further filings in this matter.

Federal courts have both the inherent power and constitutional obligation to

protect their jurisdiction from conduct which impairs the ability to carry out Article III

functions.  Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986).  In line with that

power, the Court must act to prevent litigants from unnecessarily encroaching on judicial

machinery needed by others.  Id.  This Circuit has provided the means for addressing

such filings by enabling courts to enjoin vexatious and harassing litigants by requiring

them to obtain leave of court before submitting additional filings.  Filipas v. Lemons, 835

F.2d 1145 (6th Cir. 1987);  Wrenn v. Vanderbilt Univ. Hosp., 50 F3d 11 (Table), 1995 WL

111480 (6th Cir. 15 March 1995) (noting the court's authority to enjoin harassing

litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a), relying

on Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991) and  Tripati v. Beaman, 878

F.2d 351, 352-53 (10th Cir.1989)).[1]

Mr. Cook's request for recusal is patently vexatious and appears calculated to

harass the Court and abuse the judicial process.  Moreover, in view of the 10 July 2000

termination of this case, and Mr. Cook's apparent disregard therof, Mr. Cook is

---

[1]Other circuits have endorsed enjoining these types of vexatious filings.  See Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2nd Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981); Green v. Warden 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3rd Cir. 1972).

permanently enjoined from filing additional documents in this matter.  The Clerk is

hereby directed to return, unfiled, any further documents submitted by Mr. Cook in this

matter.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision would be frivolous and could not be taken in good faith.

IT IS SO ORDERED.

                                                              /s/Lesley Wells
                                                    UNITED STATES DISTRICT JUDGE

Dated: 14 April 2006